# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **James Uhrinec, Jr.** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CIVIL NO.: 25-cv-002139** |
| | § | |
| | § | |
| **The Lincoln National Life** | § | |
| **Insurance Company** | § | |
| | § | |
| *Defendant* | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES James Uhrinec, Jr., Plaintiff herein, complaining of The Lincoln National Life Insurance Company, Defendant, and for cause of action would show:

1. Plaintiff resided in Austin, Texas, which is in the Western District of Texas, at the time of the events made the subject of this Complaint.

2. Defendant, The Lincoln National Life Insurance Company, (hereinafter referred to as "Lincoln"), is an insurance company that does business in the State of Texas and may be served with citation herein by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

3. This court has original jurisdiction of this case under 28 U.S.C. § 1131 and 29 U.S.C. § 1132(e)(1).

4. Venue is proper in the Austin Division of the Western District of Texas under 29 U.S.C. § 1132(e)(2).

5. Plaintiff brings suit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B). Plaintiff is a participant in or beneficiary of an employee welfare benefit plan and seeks to recover benefits due under the Plan, to enforce his rights under the terms of the Plan, to clarify his rights to future benefits under the terms of the Plan, and to obtain appropriate equitable relief.

6. Plaintiff worked as a Maintenance Technician III, for Charter Communications, in 2019 when he became disabled. Plaintiff was a participant in the employee welfare benefits plan sponsored by Charter Communications, which provided long-term disability benefits to Plaintiff under a policy of insurance ("the policy") issued by Lincoln and insuring Plaintiff.

7. In November 2021, Plaintiff became disabled under the terms of the policy. Plaintiff submitted a claim for disability benefits, identified as claim number 9286168, which Lincoln initially approved.

8. Plaintiff suffers from severe Meniere's disease. He has a long-standing history of medically documented severe dizziness. His condition causes him to need and use a cane for ambulation.

9. Lincoln conducted a review of the claim on October 22, 2020. It acknowledged that Plaintiff had qualifying limitations and that his Meniere's disease would "likely not improve without surgery (labyrinthectomy surgery)."

10. Plaintiff did not have labyrinthectomy surgery.

11. The Social Security Administration determined the Plaintiff was disabled and continues to pay benefits to this day.

12. Lincoln Life continued to honor Plaintiff's claim until July 10, 2023, when it denied the claim.

13. Plaintiff properly appealed Lincoln Life's denial of disability benefits to the designated fiduciary of the Plan. Lincoln Life denied Plaintiff's final appeal on June 10, 2024.

14. Plaintiff has exhausted the administrative remedies available under the Plan. All conditions precedent to this cause of action have been met or have occurred.

15. Plaintiff is entitled to recover under the civil enforcement provisions of ERISA and seeks the long-term disability benefits he was denied, clarification of his right to receive future benefits under the policy, attorney's fees and expenses incurred herein, and other appropriate equitable relief.

16. The policy does not lawfully delegate discretionary authority to determine benefits. Therefore, Lincoln Life's benefit determinations are subject to de novo review.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he has judgment against Defendant for his damages, plus pre-

judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits under the Plan, to which he may show himself justly entitled under the attending facts and circumstances.

Respectfully submitted,

By: /s/ Greg Reed

GREG REED
Attorney-in-Charge
State Bar No. 16677750
greg@brrlaw.com

LONNIE ROACH
State Bar No. 16967600
lonnie@brrlaw.com

**BEMIS, ROACH & REED**
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000 Telephone
(512) 453-6335 Facsimile
lonnie@brrlaw.com

**ATTORNEYS FOR PLAINTIFF**