**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES UHRINEC, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 1:25-CV-02139** |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Original Complaint (the "Complaint") filed by James Uhrinec, Jr. ("Plaintiff"), and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is authorized to do business in Texas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln admits Plaintiff was, at certain times, employed by Charter Communications ("Charter") and a participant in the Charter Communications Long Term Disability Income Plan ("the Plan"). Lincoln admits that by this action, Plaintiff is seeking certain remedies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits Plaintiff was, at certain times, employed by Charter as a Maintenance Technician III, and a participant in the Plan. Lincoln admits that, at certain times, it was the insurer of benefits from the Plan through the Group Disability Income Policy Number GD/GF3-840-444809-01 (the "Policy") issued to Charter by Lincoln. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint

7. Lincoln admits Plaintiff's last day of work with Charter was on or about April 6, 2019. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Plan under the Policy and that the claim number is 9286168. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that nurse reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it sent a letter to Plaintiff dated October 24, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it received a letter from Plaintiff's counsel dated April 21, 2024, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated June 3, 2025, and Lincoln refers to the letter

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that by this action, Plaintiff is seeking certain remedies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this action is governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 contains legal conclusions, Lincoln is not required to answer. Lincoln admits the Policy includes language pertaining to discretionary authority, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

Lincoln denies all allegations contained in the Prayer of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated: February 27, 2026.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Greg Reed
Email: greg@brrlaw.com

February 27, 2026 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers